UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.   **4:20 CR 362 JAR SPM** |
| DAVID TWINE, | ) ) ) |
| Defendant. | ) ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Gregory M. Goodwin, Special Assistant United States Attorney for said District, and moves the Court to order Defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of Defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, §3141, et seq.

As and for its grounds, the United States of America states as follows:

1. Defendant is charged with one count of carjacking in violation of Title 18, United States Code, Section 2119.

2. According to St. Louis Metropolitan Police Department Report #19-033132, on July 11, 2019, Twine was released from the physical custody of Illinois and placed on parole for his Second Degree Murder Conviction. Twine then traveled to Missouri, where he was picked up by the victim, E.G., a cab driver. Twine had E.G. drive Twine around for some time in an effort for Twine to try to cash his "bail refund check." Ultimately, this effort was unsuccessful.

3. At the Crown Mart on 300 S. Jefferson, Twine exited the cab, attempted to cash his "bail refund check" and, when he was unsuccessful, re-entered the cab through the front passenger door. Once inside, Twine began punching E.G. in the face several times. Eventually, Twine was able to take control of

the cab and drive off. While Twine was driving the cab away, E.G. was tangled in the seatbelt and was dragged on the ground until he became untangled, rolled several times, and came to a stop on the ground. Witnesses to this carjacking described it as a "vicious" assault.

4. Defendant committed this offense while on Illinois parole for Second Degree Murder.

5. Detention is appropriate in this case. Defendant has been convicted of murder, was on parole from that murder conviction at the time of the carjacking, and, in this case, punched E.G. in the face before dragging him on the ground from a moving vehicle. Defendant's history and the facts and circumstances surrounding this charge demonstrates that there is a serious danger to the community that would be posed by the Defendant's release.

WHEREFORE, the United States requests this Court to order Defendant detained prior to trial, and further to order a detention hearing three (3) days from the date of Defendant's initial appearance.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

 /s/ Gregory M. Goodwin
Gregory M. Goodwin, #65929MO
Special Assistant United States Attorney